## Ettore v. 7-Up Bottling Company of Philadelphia, Inc.

*Allen L. Feingold,* for plaintiffs.

*Robert R. Reeder,* for defendants.

TAKIFF, March 5, 1974.—This is a motion to quash appeal from an arbitration award in favor of plaintiff, in which plaintiff was the appellant. The appeal was timely taken but defendant seeks to quash it because of the alleged failure of notice of appeal pursuant to Rule VI-A-1. Plaintiff resists the motion on the ground that written notice was properly given by mail and attaches a copy of the notice forwarded to counsel for defendant in the answer to the present motion. Defendant denies receipt of that letter.

The chronology of the proceeding, as it appears from the various documents filed, follows:

"November 7, 1973—Arbitration Hearing.

"November 21, 1973—Arbitration Award and Report mailed.

"November 29, 1973—Execution date of Appeal Bond-Fidelity & Dep. Co.

"November 30, 1973—Attestation on appeal affidavit.

"December 10, 1973—Date of letter of Notice of Appeal, receipt of which is denied by Appellee.

"December 10, 1973—Date of Preparation of Certificate of Readiness—this document bears Prothonotary filing stamp date of Jan. 3, 1974.

"December 14, 1973—Prothonotary stamp date of receipt of Report and Award of Arbitrators.

"December 17, 1973—Prothonotary docket date of filing Report and Award of Arbitrators.

"January 3, 1974 —Prothonotary filing date of Appeal from Report and Award.

"January 3, 1974 —Prothonotary filing date of Certificate of Readiness.

"January 8, 1974 —Jury fee paid."

In the memorandum of law filed by defendant it is reported that on January 8, 1974, when an attempt was made to enter judgment on the award, it was then first learned that an appeal had been taken.

The fact issue is joined. The arbitration rule sets forth the requirement that the appealing party shall "serve a copy of such notice [of appeal] upon the adverse party or his counsel." Plaintiff asserts that proper notice of appeal was given by letter dated December 10, 1973, and "sent" to defendant; defendant denies receiving it.

There can be little dispute over the fact that appellant moved in timely fashion and fully intended to perfect the appeal. The appeal bond, executed by the corporate surety on November 29th, after notice of the arbitrators' award and prior to the receipt of the award and report in the prothonotary's office, confirms that fact. The certificate of readiness and the notice of appeal are both dated December 10th, even though the certificate was not filed in the prothonotary's office until January 3, 1974, concurrently with the filing of the appeal.

Did plaintiff "serve" copy of notice of appeal within 20 days from the date of entry of award on the prothonotary's docket? Service of copies of pleadings, other than a complaint, may be made by mail under

Pennsylvania Rules of Civil Procedure 233 and 1027(1). We are mandated to construe these rules liberally by Pa. R.C.P. 126. The fact situation in the instant case is totally dissimilar from that present in Meade v. Equitable Credit & Discount Co., 18 D. & C. 2d 646 (1959), affirmed per curiam, 190 Pa. Superior Ct. 561 (1959). Examination of the original documents gives internal corroboration of the assertion by appellant that he gave notice of the appeal by letter mailed December 10, 1973, although it is equally credible that the letter was either never delivered or otherwise did not come to the attention of the appellee. Under these circumstances, the conclusion is reached and we enter the following

## ORDER

And now, to wit, March 5, 1974, upon consideration of the motion, answer, memoranda of law and from examination of the original documents, defendant's motion to quash appeal is hereby dismissed.